COPY

1  MICHAEL PETRIK, Jr.
   California Bar No. 177913
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467 ext. 725
4

5  Attorneys for Mr. Fimbres-Perez

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10             (HONORABLE JEFFREY T. MILLER)

11 UNITED STATES OF AMERICA,      )   Criminal No. 00CR2308-JM
                                  )
12         Plaintiff,              )   Date:  March 12, 2001
                                  )   Time:  9:00 a.m.
13 v.                             )
                                  )   DEFENDANT'S SENTENCING MEMORANDUM
14 MIGUEL FIMBRES-PEREZ,          )
                                  )
15         Defendant.              )
   _____)
16

17 TO:    GREGORY A. VEGA, UNITED STATES ATTORNEY
          SCOTT H. SAHAM, ASSISTANT UNITED STATES ATTORNEY
18        KELVIN L. BRADLEY, UNITED STATES PROBATION OFFICER

19        The defendant, Miguel Fimbres-Perez, by and through his

20 counsel, Michael Petrik, Jr., and Federal Defenders of San Diego,

21 Inc., pursuant to Local Criminal Rule No. 32.1(a)(7), hereby files the

22 following sentencing memorandum in support of his sentence.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

                                    1                              00CR2308

I.

**THE PERSON BEFORE THE COURT**

Mr. Fimbres-Perez adopts the personal history characteristics reported by the probation officer in the Presentence Report ("PSR"), and those outlined in the letters in support submitted on March 6, 2001.

II.

**THE GUIDELINES**

A.    Base Offense Level.

The parties and the probation officer agree that the base offense level in this case is 8. See United States Sentencing Commission, Guidelines Manual, ("U.S.S.G.") § 2L1.2(a) (Nov. 1998).

B.    Specific Offense Characteristic.

The parties and the probation officer agree that the Court should adjust the base offense level in this case 16 levels upward to reflect Mr. Fimbres-Perez's conviction reported at PSR 4:24-5:13. U.S.S.G. § 2L1.2(b)(1)(A). The conviction reported at PSR 4:10-22 does not qualify as an aggravated felony and does not warrant a 16 level upward adjustment. See Ye v. I.N.S., 214 F.3d 1128, 1134 (9th Cir. 2000).

C.    Acceptance of Responsibility.

The parties and the probation officer agree that the Court should adjust the base offense level in this case three levels downward to reflect Mr. Fimbres-Perez's acceptance of responsibility. U.S.S.G. § 3E1.1.

D.    Overrepresented Criminal History Category.

For the reasons outlined in Defendant's Requests For Downward Departures filed February 1, 2001, Mr. Fimbres-Perez submits

1  that his criminal history score is overrepresented by the Sentencing
2  Guidelines.  Mr. Fimbres-Perez requests that the Court depart downward
3  to criminal history category II.
4  E.      Cook Departure.
5          For the reasons outlined in Defendant's Requests For
6  Downward Departures filed February 1, 2001, as well as for the reasons
7  submitted in his letters in support, Mr. Fimbres-Perez requests that
8  the Court depart downward 12 levels for a combination of
9  circumstances.  See U.S.S.G. § 5K2.0; United States v. Cook, 938 F.2d
10 149, 153 (9th Cir. 1991).

## III.

### RECOMMENDATION

The adjusted offense level in Mr. Fimbres-Perez's case is 9. The adjusted criminal history score in Mr. Fimbres-Perez's case is II. The sentencing range is 6-12 months.  Mr. Fimbres-Perez requests that the Court sentence him to time served.

Respectfully Submitted,

Dated: March 7, 2001        MICHAEL PETRIK, Jr.
                            Federal Defenders of San Diego, Inc.
                            Attorneys for Mr. Fimbres-Perez