**MICHELLE BETANCOURT**
California State Bar No. 215035
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: michelle_betanacourt@fd.org

Attorneys for Mr. Fimbres-Perez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR0021-DMS |
| Plaintiff, ) | |
| ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| v. ) | |
| **CESAR FIMBRES-PEREZ**, ) | |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**

Mr. Fimbres-Perez incorporates the statement of facts from previously filed motions. These motions follow.

**II.**

**THE DEFENDANTS ARE IMPROPERLY JOINED AND THEIR CASES MUST BE SEVERED BECAUSE OF FIFTH AMENDMENT, DUE PROCESS AND SIXTH AMENDMENT COMPULSORY PROCESS**

Counts 1 through 6 deal with events that allegedly occurred on December 15, 2007. Count one exclusively charges Cesar Fimbres-Perez. Counts two, three and six charge Olivia Fimbres. Other than the fact that the acts Ms. Fimbres is charged with occurred on December 15, 2007, there is no other connection to Cesar Fimbres-Perez' charges. Therefore, Count One should be severed from counts two through six.

Federal Rule of Criminal Procedure 14 provides that if it appears that a defendant is prejudiced by a joinder of defendants in an indictment or by joinder for trial together, the court may grant a severance or provide whatever other relief justice requires. See, e.g., United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980), cert. denied, 449 U.S. 856 (1980). Although a motion for severance is addressed to the trial court's discretion, (see, e.g., United States v. Seifert, 648 F.2d 557, 563 (9th Cir. 1990)), the granting of such a severance is warranted when there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence. United States v. Zafiro, 560 U.S. 534, 542 (1993); United States v. Tootick, 952 F.2d 1078, 1082 (9th Cir. 1991). Both of these rules counsel for severance.

**A.    Defendants Are Improperly Joined Within the Reasoning of Fed. R. Crim. P. 8(b).**

Federal Rule of Criminal Procedure 8(a) permits the government to join offenses in separate counts of an indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." However, "when more than one defendant is named in an indictment, the provisions of rule 8(b) control." United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977). Under Rule 8(b), the sole basis for joinder of charges against multiple defendants is that the defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. See Fed. Rule Crim. Proc. 8(b).

The six counts in the indictment are improperly joined under Rule 8(b) of the Federal Rules of Criminal Procedure. The government cannot produce any evidence that the incident alleged in Count One was either part of the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses as alleged in Counts Two through Six. The conduct that would support the allegations in Court One ends the moment the agents detain Mr. Cesar Fimbres-Perez and Mr. Miguel Fimbres-Perez. The assault charges and the escape, which involves Counts Two through Six, begin once Mr. Miguel Fimbres starts walking back toward the fence. Mr. Cesar Fimbres-Perez had no involvement in the assault charges nor the escape and never left the vicinity

1  of where he was detained. Indeed, the only apparent relationship between the counts is that the
2  events took place on December 15, 2007. This, without more, is not enough to show a single
3  transaction or a common scheme. See United States v. Bronco, 597 F.2d 1300 (9th Cir. 1979).
4        Additionally, the charges could not be more different. Count One deals with aiding the entry
5  of an aggravated felon. The elements of that offense are the following:

6        1)     the defendant knowingly aided and assisted an alien to enter the United States;
      2)     the defendant knew that the alien was inadmissible to the United States; and
7        3)     the alien was inadmissible under section 1182(a)(2) or (3).

8  See United States v. Flores-Garcia, 198 F. 3d 1119,1123 (9th Cir. 2000). The elements of assault
9  are the following:

10       1)     the defendant intentionally used force in assaulting a federal officer; and
      2)     the defendant did so while the federal officer was engaged in, or on account of
11           his official duties.

12 See 9th Cir. Model Jury Instr. 8.2 (2003). With respect to aiding and abetting an escape, the
13 government would have to prove the Ms. Fimbres knowingly aided and abetted Miguel Fimbres-
14 Perez to leave the custody of the Department of Homeland Security Border Patrol Agent L. Pino
15 when he was in lawful custody. See 9th Cir. Model Jury Instr. 8.36 (2003). None of these offenses,
16 overlap in elements or in the proof that the government would have to present to a jury in order to
17 convict either client. While it is true that at least two agents would testify in both trials, their being
18 called for two different occasions would be no different that if they had made two different arrests
19 for two completely different crimes that were proceeding to trial.
20       Therefore, the defendants were improperly joined under Rule 8(b).
21 **B.**     **Rule 14 Compels Severance Of Counts Two Through Six Because Their Joinder Is Unfairly Prejudicial**
22
23       Even if the Court concludes that the various counts are properly joined under Rule 8,
24 "[o]ffenses properly joined under Rule 8 may be severed in the trial court's discretion if joinder is
25 prejudicial." United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987).
26       Joining counts two through six is highly prejudicial, which counsels for severance under Rule
27 14. In Johnson, 820 F.2d at 1070, the Ninth Circuit set out three reasons joinder of offenses may
28 prejudice a defendant:

>(1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilty when, if considered separately, it would not so find. . . . . Charging several crimes may also create a latent feeling of hostility toward the defendant.

(Citation and quotation omitted.) In United States v. Ragghianti, 527 F.2d 586, 587 (9th Cir. 1976), the Ninth Circuit recognized some other aspects of prejudicial joinder: (1) "inadmissible proof of one offense may be admissible through a joined offense;" and (2) "the defendant may wish to testify on one count but not another." All of these factors are implicated here.

First, count one versus counts two through six deals with distinctly different event and entirely less inflammatory actions. Mr. Fimbres-Perez is only named in Count One and would only be defending the charge of aiding the entry of Miguel Fimbres. On the other hand, Ms. Olivia Fimbres will be defending two counts of assault on a federal officer and one count of aiding an escape. Forcing Mr. Fimbres-Perez to be present while Ms. Fimbres presents a defense to the three counts not only "confounds" and potentially "embarrasses" the Mr. Fimbres-Perez, it also will make it harder for the jury to follow the case. The conduct Mr. Fimbres-Perez is charged with ends at the moment he and Mr. Miguel Fimbres are stopped by the agents some 200 yards from the fence. The assault charges and aiding the escape begin once Miguel Fimbres begins to walk back toward Mexico. There is absolutely no evidence that Mr. Cesar Fimbres-Perez was in any way involved with the assault or the escape. In fact, he remained at the initial detention point. The agents will surely describe how Ms. Olivia Fimbres and Mr. Miguel Fimbres-Perez struggled against the agents and resisted all their efforts to comply with their orders. Testimony by the agents as to the assault and the escape would be extremely prejudicial for Mr. Cesar Fimbres, but more importantly irrelevant as to the charges against him.

Second, if severance was granted, the risk of prejudice would be reduced, as the jury would be more capable of weighing the specific evidence applicable to each count, instead of improperly viewing the evidence as an aggregate whole. Based on the facts of this case, then, a jury might improperly convict Mr. Fimbres-Perez on count one merely because the jury convicts Ms. Fimbres on counts two, three and six and the fact that Ms. Fimbres is charged with assaulting federal officers.

1  Consequently, Mr. Fimbres-Perez would be unfairly prejudiced by a single trial joining all six
2  counts. Therefore, the counts should be severed.
3      Additionally, the jury may use evidence of one crime to determine Mr. Fimbres-Perez is of
4  evil character because he is charged along with Ms. Fimbres in the same indictment and find him
5  guilty. In particular, because of the nature of the charges against Ms. Olivia Fimbres, Mr. Fimbres-
6  Perez will be severely prejudiced by the joinder of the counts. For these reasons, this Court should
7  sever the counts.

## III.

## CONCLUSION

For the reasons stated, Mr. Fimbres-Perez requests that this Court grant his motions.

Respectfully submitted,

DATED:   April 11, 2008         s/ *Michelle Betancourt*
                                **MICHELLE BETANCOURT**
                                Federal Defenders of San Diego, Inc.
                                Attorneys for Mr. Fimbres-Perez
                                michelle_betancourt@fd.org