1  **MICHELLE BETANCOURT**
   California State Bar No. 215035
2  **SHAFFY MOEEL**
   California State Bar No. 238732
3  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
4  San Diego, California  92101-5008
   Telephone No. (619) 234-8467, Ext. 3737
5  michelle_betancourt@fd.org; shaffy_moeel@fd.org

6  Attorneys for Defendant

7

8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10                    **(HONORABLE DANA M. SABRAW)**

11  UNITED STATES OF AMERICA,      )   Case No. 08CR0021-DMS
                                   )
12             Plaintiff,          )   Date:  May 6, 2008
                                   )   Time:  9:00 a.m.
13  v.                             )
                                   )
14  CESAR FIMBRES-PEREZ,           )   **DEFENDANT'S PROPOSED**
                                   )   **JURY INSTRUCTIONS**
15             Defendant.          )
                                   )

16

17  TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
          CHRISTOPHER ALEXANDER, ASSISTANT UNITED STATES ATTORNEY:
18

19         Defendant Cesar Fimbres-Perez, by and through his counsel, Michelle Betancourt, Shaffy Moeel,

20  and Federal Defenders of San Diego, Inc., and pursuant to the Fifth and Sixth Amendments and Fed. R.

21  Crim. P. 30, requests that the Court instruct the jury on the law as set forth herein.  Mr. Fimbres-Perez also

22  requests leave to offer further jury instructions as may become relevant during the course of the trial.

23                                    Respectfully submitted,

24                                    s/ *Michelle Betancourt*

25  Date:  May 6, 2008              **MICHELLE BETANCOURT**
                                    Federal Defenders of San Diego, Inc.
26                                  Attorneys for Mr. Fimbres-Perez

27

28

**DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE
9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (2000)**

9th Cir. Crim. Jury Instr. 1.2 (2003) ("The Charge - Presumption of Innocence").

9th Cir. Crim. Jury Instr. 3.2 (2003) ("Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof").

9th Cir. Crim. Jury Instr. 3.3 (2003) ("Defendant's Decision Not to Testify").

9th Cir. Crim. Jury Instr. 3.4 (2003) ("Defendant's Decision to Testify").

9th Cir. Crim. Jury Instr. 3.9 (2003) ("The Credibility of Witnesses").

9th Cir. Crim. Jury Instr. 3.10 (2003) ("Evidence of Other Acts of Defendant or Acts and Statements of Others").

9th Cir. Crim. Jury Instr. 3.11 (2003) ("Activities Not Charged").

9th Cir. Crim. Jury Instr. 4.1 (2003) ("Statements by Defendant")(*as modified and provided below as Proposed Instruction 4*).

9th Cir. Crim. Jury Instr. 4.4 (2003) ("Character of Defendant").

9th Cir. Crim. Jury Instr. 4.9 (2003) ("Testimony of Witness Receiving Benefits")(*as modified and provided below as Proposed Instruction 6*).

9th Cir. Crim. Jury Instr. 5.6 (2003) ("Knowingly-Defined").

9th Cir. Crim. Jury Instr. 6.9 (2003) ("Mere Presence")(*specifying charge*)

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.   1

Mr. Fimbres is charged in the Indictment with aiding and assisting the entry of an undocumented alien into the United States in violation of Title 8, United States Code § 1327. In order for a defendant to be found guilty of such a charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, that the named person was an alien;

**Second**, that the named person was inadmissible;

**Third**, that the named person was convicted of an aggravated felony;

**Fourth**, that Mr. Fimbres knew that the person was an inadmissible alien;

**Fifth**, that Mr. Fimbres knew that the person was convicted of an aggravated felony;

**Sixth**, that Mr. Fimbres knowingly aided and assisted the named person to enter;

**Seventh**, that Mr. Fimbres specifically intended to violate the immigration laws of the United States by aiding and assisting the named person to enter the United States;

An "alien" is a person who is not a citizen or national of the United States.

To "aid and assist" the illegal entry, a defendant must knowingly and intentionally aid, counsel, command, induce or procure the entry of the named person into the United States. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping the named person enter the United States. It is not enough that the defendant merely associated with the named person who entered or that the defendant unknowingly or unintentionally did things that were helpful to that person, or that the defendant was present at the scene.

Authority

8 U.S.C. § 1327; <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64 (1994); <u>United States v. Flores-Garcia</u>, 198 F.3d 1119 (9th Cir. 2000); see Committee on Model Jury Instructions, <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, § 5.1 (2003 ed.)

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.   2  

4      I instruct you that you must presume Mr. Fimbres to be innocent of the crime charged. Thus, the defendant, although accused of the crimes in the indictment, begins the trial with a "clean slate" -- with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

    The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

    It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

    Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilt -- the jury must, of course, adopt the conclusion of innocence.

<u>Authority</u>

O'Malley, Grenig, and Lee. <u>Federal Jury Practice and Instructions</u>, 5th Ed. § 12.10.

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. ___3___

3

4    A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved

5  circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2)

6  cannot be reconciled with any other rational conclusion.

7    Further, each fact which is essential to complete a set of circumstances necessary to establish the

8  defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential

9  to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance

10 on which the inference necessarily rests must be proved beyond a reasonable doubt.

11   Also, if the circumstantial evidence as to any particular count permits two reasonable interpretations,

12 one of which points to the defendant's guilt and the other to his innocence, you must adopt that interpretation

13 that points to the defendant's innocence, and reject that interpretation that points to his guilt.

14   If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other

15 interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

16

17                                    Authority

18  1 Cal. Jury Instr.--Crim. 2.01 (7th ed. 2003) (Sufficiency of Circumstantial Evidence--
    Generally) (modified); United States v. Bishop, 959 F.2d 820, 830 (9th Cir. 1992) (finding
19  that "the evidence must include sufficient probative facts from which a rational factfinder,
    applying the reasonable doubt standard, could choose the hypothesis that supports a finding
20  of guilt rather than hypotheses that are consistent with innocence"); Clark v. Procunier, 755
    F.2d 394, 396  (5th Cir. 1985) (stating that "if the evidence viewed in the light most
21  favorable to the prosecution gives equal or nearly equal circumstantial support to a theory
    of guilt and a theory of innocence of the crime charged, then a reasonable jury must
22  necessarily entertain a reasonable doubt").

23

24

25

26 GIVEN _____

27 GIVEN AS MODIFIED _____

28 REFUSED _____

1  COURT'S INSTRUCTION NO. _____
2  DEFENDANT'S PROPOSED INSTRUCTION NO.   4  
3
4       You have heard testimony that Mr. Fimbres made a statement.  It is for you to decide (1) whether
5  Mr. Fimbres made the statement *and what he said*; and (2) if so, how much weight to give to it.  In making
6  those decisions, you should consider all of the evidence about the statement, including the circumstances
7  under which Mr. Fimbres may have made it.
8
9                                       <u>Authority</u>
10  Committee on Model Jury Instructions, <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, § 4.1 (2003 ed.) (substantive modification in italics).
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26  GIVEN _____
27  GIVEN AS MODIFIED _____
28  REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_5\_\_

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror individually agrees that the government has proved every element beyond a reasonable doubt. Thus, your verdict must be unanimous, and you must unanimously agree to the facts upon which you base your verdict.

<u>Authority</u>

<u>Devitt and Blackmar</u>, 3d ed., § 5 18.01 (modified); <u>Richardson v. United States</u>, 526 U.S. 813 (1999) (jury must unanimously agree as to every element); <u>United States v. Echeverv</u>, 698 F.2d 375 (9th Cir. 1983).

GIVEN \_\_\_\_\_

GIVEN AS MODIFIED_____

REFUSED_____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.   6  

You have heard testimony from Olivia Fimbres, a witness plead guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty pleas is not evidence against the defendant, and you may consider it only in determining Olivia Fimbres' believability.

For these reasons, in evaluating Olivia Fimbres' testimony, you should consider whether, or to what extent, if any, her testimony may have been influenced by the circumstances relating to her arrest and guilty and any benefits she may have received or hopes she may receive.  In addition, you should examine Olivia Fimbres' testimony with greater caution than that of other witnesses.

<u>Authority</u>

9th Cir. Crim. Jury Instr. 4.9 (2003) ("Testimony of Witnesses Involving Special Circumstances") (modified).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____